UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>       v.<br><br>ROGELIO AREVALO-VILLASENOR, et *al.*,<br><br>             Defendants. | Case No. 1:15-cr-00239-BLW<br><br>**AMENDED ORDER CONTINUING TRIAL AND TRIAL READINESS CONFERENCE** |

      The Court has before it Defendant Rogelio Arevalo-Villasenor's Motion to Continue Trial (Dkt. 46). Defendant states that counsel needs additional time to do investigation, review discovery, and prepare for trial. Defendant requests an additional 180 days.

      Under all these circumstances, the Court finds that a continuance is needed to give defense counsel an opportunity to provide an effective defense. Thus, a continuance is warranted under 18 U.S.C. § 3161(h)(7)(B)(iv), which authorizes a finding of excludable time when the refusal to grant a continuance would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation . . . ." Under these circumstances, the interests of justice in allowing the defense time for effective preparation outweighs the defendant's and the public's interest in a speedy trial under 18 U.S.C. §

**ORDER - 1**

3161(h)(7)(A). However, the Court finds that a 180-day continuance is too long. The Court has only grants such lengthy continuances in the most complicated cases, or where a number of defendants (typically 10 or more) are combined for trial. Here, there are four defendants, and a somewhat large amount of discovery. Accordingly, the Court will give approximately a 90-day continuance instead of the typical 60-day continuance. The Court encourages the Government to expedite discovery so as to keep the new trial date. The Court finds that the period of time between the present trial date and the new trial date is excludable time under the Speedy Trial Act.

The co-defendants have not moved for a continuance.  However, they have not opposed the motion.  Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(6), excludable time exists for "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted."  No motion for severance has been filed.  Accordingly, pursuant to 18 U.S.C. § 3161(h)(6), the Court finds that the excludable time found for the defendant moving for a continuance also applies to the co-defendants.  Thus, the co-defendants will have trial continued as well. Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Continue Trial (Dkt. 46) shall be, and the same is hereby GRANTED, and that the present trial date be VACATED, and that a new trial be set for **February 22, 2016 at 1:30 p.m.** in the U.S. Courthouse in Boise, Idaho.

IT IS FURTHER ORDERED that the period of time between the prior trial date

**ORDER - 2**

and the new trial date be deemed EXCLUDABLE TIME under the Speedy Trial Act, 18 U.S.C. § 3161(h)(6) and (7)(A) & (B).

IT IS FURTHER ORDERED that the current trial readiness conference be VACATED, and that a new trial readiness conference be conducted by telephone on **February 11, 2016 at 4:00 p.m.** The Government shall place the call to (208) 334-9145 with opposing counsel on the line.

IT IS FURTHER ORDERED that all pretrial motions shall be filed on or before **January 25, 2016**.

DATED: **November 20, 2015**

B. LYNN WINMILL
Chief U.S. District Court Judge